J-S36007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANTE MAYO | : | |
| | : | |
| Appellant | : | No. 339 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 23, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006670-2021

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 11, 2023**

Dante Mayo appeals from the aggregate judgment of sentence of four and one-half to nine years of incarceration, followed by three years of probation, imposed on his convictions stemming from violations of the Uniform Firearms Act.  We affirm.

While on patrol during the evening hours of July 7, 2021, Philadelphia Police Officer Christopher Ficchi observed a vehicle with heavily tinted windows and accordingly initiated a traffic stop based upon that motor vehicle violation.  Being unable to see inside the vehicle, the officer used his patrol car's amplified audio system to direct the driver to open all four windows of the vehicle, which he did.  As Officer Ficchi and his partner approached, he observed the driver and a front-seat passenger, Appellant, moving around.  After ordering the occupants to remain still and requesting driver's license, registration, and proof of insurance, Officer Ficchi asked if anyone had a permit

to carry a firearm and whether there were any weapons in the vehicle. Both individuals said no. As Officer Ficchi spoke with the driver, he observed in plain view a firearm handle on Appellant's hip. As a result, the officers detained Appellant, secured the firearm, and again asked if he had a permit. When he responded "No[,] I'm just trying to live," the officers placed him under arrest for possession of firearm prohibited, carrying a firearm without a license, and carrying a firearm in public in Philadelphia. *See* N.T., 5/24/22, at 9, 11.

Appellant filed a motion to suppress. The court held a hearing, at which Officer Ficchi testified to the above recitation. Appellant testified in his defense that his firearm was concealed and that the officers did not discover it until after they pulled him out of the vehicle and searched him. *Id*. at 30-35, 38. The court denied Appellant's motion, finding Officer Ficchi credible and that Appellant's version of events did not contradict that of Officer Ficchi. Appellant immediately proceeded to a stipulated bench trial and was found guilty as charged. The court sentenced Appellant as indicated hereinabove. Appellant filed a timely post-sentence motion on August 29, 2022, which the clerk of courts denied by operation of law on December 20, 2022.

This appeal followed on January 23, 2022.[1] The trial court issued neither a Pa.R.A.P. 1925(b) order nor a Rule 1925(a) opinion as the presiding jurist

_____

[1] Since the appeal was facially untimely, this Court issued an order directing Appellant to show cause as to why we should not quash. Appellant's counsel
*(Footnote Continued Next Page)*

- 2 -

was no longer on the Philadelphia County bench. On appeal, Appellant presents a single issue for our consideration:

> The Lower Court erred when it denied Appellant's Motion to Suppress contrary to Pennsylvania legal mandates when it erroneously allowed a car stop to be unlawfully extended without the requisite reasonable suspicion or probable cause, and beyond necessary to investigate the infraction that provoked the stop after the officer began questioning the driver and passenger regarding whether either individual had a license to carry a firearm, which was neither relevant nor proper arising from the car stop for dark tinted windows.

Appellant's brief at 7.

Appellant's claim challenges the trial court's denial of his suppression motion, which we consider pursuant to the following legal principles:

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression

responded that he had inadvertently missed the deadline. This Court discharged the show-cause order and referred the matter to the instant panel. Upon review, we decline to quash due to a breakdown in the court system caused by the clerk of courts denying Appellant's post-sentence motion by operation of law seven days early. *See Commonwealth v. Rodriguez*, 174 A.3d 1130, 1138-39 (Pa.Super. 2017) (deeming clerk of court's dismissal of post-sentence motion before the expiration period a systemic breakdown).

- 3 -

court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

***Commonwealth v. Jones***, 121 A.3d 524, 526–27 (Pa.Super. 2015) (cleaned up).

In his pre-trial suppression motion, Appellant alleged violations of ***Commonwealth v. Alexander***, 243 A.3d 177 (Pa. 2020) (holding that the Pennsylvania constitution requires warrantless searches of vehicles to be supported by both probable cause and exigent circumstances), and ***Miranda v. Arizona***, 384 U.S. 436 (1966). ***See*** Omnibus Pretrial Motion, 5/23/22, at unnumbered 1-3. Appellant does not present these arguments on appeal. Instead, for the first time, he contends that the officers illegally prolonged the traffic stop when they asked, without independent justification, about Appellant's license to carry a firearm. ***See*** Appellant's brief at 14-20. Since Appellant failed to raise this argument before the trial court, the Commonwealth urges us to find waiver. ***See*** Commonwealth's brief at 6.

In that regard, this Court has explained waiver in the suppression context thusly:

> Prior to trial, a defendant may file a motion "to suppress any evidence alleged to have been obtained in violation of the defendant's rights." Pa.R.Crim.P. 581(A). "The motion shall state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof." Pa.R.Crim.P. 581(D). Failure to comply with the specificity requirement of Rule 581(D) will result in waiver, as those requirements have been held to be mandatory.
>
> The requirement that a defendant raise the grounds for suppression in his motion ensures that the Commonwealth is on notice of what evidence it must produce at the suppression

- 4 -

hearing to satisfy its burden of proving that the police obtained the evidence legally.

***Commonwealth v. Carmenates***, 266 A.3d 1117, 1126 (Pa.Super. 2021) (cleaned up).

Here, Appellant's motion never put the Commonwealth on notice to develop the record as to whether the officers prolonged the stop or had independent justification to inquire about the presence of a firearms permit based upon Appellant's movements within the vehicle. Accordingly, we agree with the Commonwealth that Appellant has waived his suppression issue on appeal. ***See also*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Having failed to present any preserved claims for our review, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: October 11, 2023